916 F.2d 715
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose Francisco MARTINEZ-GONZALES, Defendant-Appellant.
 No. 90-1382.
 United States Court of Appeals, Seventh Circuit.
 Submitted Sept. 26, 1990.*
Decided Oct. 18, 1990.
 
 Before Cummings and Wood, Jr., Circuit Judges, and Fairchild, Senior Circuit Judge.
 
 ORDER
 
 1
 Defendant-Appellant, Jose Francisco Martinez-Gonzales, appeals from the district court's denial of his motion to dismiss the indictment, charging him with unlawfully reentering the United States after being deported in violation of 8 U.S.C. Sec. 1326. After the district court denied the motion to dismiss, a bench trial was held on stipulated facts. Martinez-Gonzales was found guilty and sentenced to time served in pretrial detention. We affirm.
 
 I.
 
 2
 Martinez-Gonzales is a citizen of Mexico. His wife is a citizen of the United States, as is his daughter. Defendant entered the United States as an illegal alien in January 1983. Martinez-Gonzales' wife filed a petition in 1988 to legalize the defendant's presence in the United States; however, the Immigration and Naturalization Service (INS) returned the petition for additional information approximately nine months before Martinez-Gonzales was deported, and neither the defendant nor his wife took any additional steps to pursue the petition.
 
 
 3
 On March 30, 1989 Martinez-Gonzales pled guilty to burglary in Texas and was sentenced to three years probation. Immediately following his guilty plea, defendant was taken into the custody of the INS. On April 6, 1989, defendant, along with nineteen other aliens, appeared before an Immigration Law Judge (ILJ) for a deportation hearing. While Martinez-Gonzales was in custody awaiting his deportation hearing, he received an INS form I-618 in Spanish which explained his right to appeal and the effect of a waiver of that right. The form, waiving his appellate rights, was signed by the defendant, although he claims that he signed it at the request of the INS agents, without understanding it.
 
 
 4
 At the deportation hearing, the ILJ informed the aliens of their right to counsel and provided them with a list of legal service organizations that might provide free legal services; however, none of the aliens elected to take the continuance to attempt to obtain counsel. The ILJ read the factual allegations of the order to show cause and questioned the respondents as to those facts. In addition, the ILJ informed the respondents of the right to apply for voluntary departure and suspension of deportation, and gave a cursory explanation of the requirements for such relief. Thereafter, the ILJ determined that none of the aliens was eligible for relief from deportation, found that each of the respondents was deportable, and entered a deportation order against each of them. Finally, the ILJ briefly informed the respondents of their right to appeal the deportation decision (information that was also contained in the form I-618 signed by the defendant in this case) and warned the respondents that they could not reenter the United States for a period of five years unless they first received permission from the INS.
 
 
 5
 On April 9, 1989, Martinez-Gonzales reentered the United States without obtaining consent. On October 4, 1989, the defendant was arrested in Wheeler, Illinois, where he had been residing with his wife and daughter. He was charged with illegally reentering the United States after being deported in violation of 8 U.S.C. Sec. 1326. Defendant filed a motion to dismiss the indictment alleging that his deportation hearing was fundamentally unfair resulting in the denial of due process. The district court denied the motion. The parties submitted a stipulation of facts and the defendant was found guilty in a bench trial. Defendant filed this appeal, challenging the district court's denial of the motion to dismiss.
 
 II.
 
 6
 In his motion to dismiss, the defendant brought a collateral challenge to his deportation hearing. In United States v. Mendoza-Lopez, 481 U.S. 828, 107 S.Ct. 2148 (1987), the Supreme Court established that where the deportation proceeding effectively eliminated the right of the alien to obtain judicial review, "an alternate means of obtaining judicial review must be made available before the administrative order may be used to establish conclusively an element of a criminal offense." Id. at 839, 107 S.Ct. at 2155. Two factors must be present under Mendoza-Lopez before a criminal defendant can successfully collaterally attack a deportation order. "The defendant must show that he was deprived of judicial review of the proceeding and that the proceeding was fundamentally unfair." United States v. Holland, 876 F.2d 1533, 1536 (11th Cir.1989) (citing United States v. Palacios-Martinez, 845 F.2d 89, 91 (5th Cir.), cert. denied, 488 U.S. 844 (1988)).
 
 
 7
 In this instance, the defendant maintains that the deportation proceeding was fundamentally unfair and violated due process because the waiver of his right to counsel and his right to appeal was not knowingly and intelligently made, and because the ILJ did not adequately inform him of the alternatives other than deportation available to him. Before the defendant could prevail on his collateral attack on the deportation proceeding in this instance, he would have to demonstrate actual prejudice, resulting from the alleged procedural errors. See United States v. Villa-Fabela, 882 F.2d 434, 439 (9th Cir.1989) (In order to prevail in his collateral attack on deportation proceedings defendant must demonstrate that the claimed procedural flaws were prejudicial.); United States v. Santos-Vanegas, 878 F.2d 247, 251 (8th Cir.1989) (successful collateral attack on deportation order requires a showing of actual prejudice); United States v. Holland, 876 F.2d 1533, 1536 (11th Cir.1989) (errors only render deportation hearing fundamentally unfair if the errors prejudiced the defendant).
 
 
 8
 The requirement that the defendant show prejudice is closely linked to his claim that the ILJ erred in not informing him of the alternatives to deportation available to him. In Holland, the court noted that "the prejudice need not rise to the level of showing that the defendant would not have been deported, but rather that the errors might have affected the outcome of the hearing." 876 F.2d at 1536. In this instance, the defendant seems to argue that because of his status as a husband and father to American citizens he is entitled to relief from deportation.
 
 
 9
 There are three kinds of relief from deportation: suspension of deportation under 8 U.S.C. Sec. 1254(a)(1); voluntary departure under 8 U.S.C. Sec. 1254(e); and, record for admission for permanent residence under 8 U.S.C. Sec. 1259. Martinez-Gonzales was convicted of robbery in Texas. Robbery is a crime involving moral turpitude; therefore, Martinez-Gonzales is statutorily ineligible for relief from deportation, because he cannot satisfy the requirement of "good moral character" during the period of time prior to his application for relief. See Villa-Fabela, 882 F.2d at 439-40; Holland, 876 F.2d at 1537; 8 U.S.C. Sec. 1101(f)(3). Even if the defendant had been more fully apprised of his right to counsel, his right to appeal, and of the alternatives to deportation available, he cannot demonstrate any chance that the result herein would have been different. Martinez-Gonzales cannot demonstrate prejudice from the errors alleged; thus we need not reach the issue of whether the deportation hearing was fundamentally unfair.
 
 
 10
 Martinez-Gonzales has not shown any prejudice from the claimed errors in his hearing; therefore, the collateral attack on the deportation proceeding must fail. The conviction for reentering the United States after being deported in violation of 8 U.S.C. Sec. 1326 is
 
 
 11
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record